UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-21163-CIV-SCOLA/OTAZO-REYES

JUAN CARLOS PALACIO,

    Plaintiff,

v.

EMPIRE ACADEMY, INC.,
a Florida profit corporation,
and WILMA ALVAREZ,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Defendants Empire Academy, Inc. ("Empire" or "Academy")) and Wilma Alvarez ("Alvarez") (collectively, "Defendants") Verified Motion for Attorneys' Fees and Sanctions (hereafter, "Sanctions Motion") [D.E. 79]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Robert N. Scola, Jr., United States District Judge [D.E. 81]. The undersigned held a hearing on the Sanctions Motion on July 14, 2016 [D.E. 93]. For the reasons stated below, the undersigned respectfully recommends that the Sanctions Motion be GRANTED.

### PROCEDURAL AND FACTUAL BACKGROUND

*1.    The pleadings*

Plaintiff Juan Carlos Palacio ("Plaintiff" or "Palacio") commenced this action in state court on February 18, 2015 [D.E. 1-3]. In his state court complaint, Plaintiff asserted the following claims against Empire: breach of agreement; quantum meruit; unjust enrichment; wage & hour federal statutory violation pursuant to the Fair Labor Standards Act ("FLSA"); and FLSA

retaliation violation. Id. Plaintiff also asserted a claim for wage & hour federal statutory violation against Alvarez pursuant to the FLSA. Id. On March 24, 2015, Defendants removed the action on the basis of federal question jurisdiction and supplemental jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1367 [D.E. 1].

### 2. *The first sanctions motion*

On June 23, 3015, Defendants filed a motion for sanctions pursuant to Rule 11 of the Federal Rules of Procedure ("Rule 11") contending that Plaintiff's complaint was objectively frivolous both in law and in fact (hereafter, "Original Rule 11 Motion") [D.E. 14 at 5]. Specifically, Defendants challenged as "patently false" several statement contained in Plaintiff's Statement of Claim. Id. at 2. Defendants argued that Plaintiff's claim that he had not been paid after June 5, 2013 were belied by endorsed and deposited checks spanning the dates of June 6, 2013 to October 5, 2013. Id. Defendants also argued that Plaintiff's claim that he was an FLSA covered employee required to work "off the clock" was false because

> Plaintiff was never an employee of Defendants but rather at all times was an independent 1099 outside sales contractor who was paid on a commission basis and who had no performance requirements. Throughout his relationship with Defendants, Plaintiff was permitted to do as much or as little work as he wanted, from whatever location he wanted, in whatever manner he wanted.

Id. at 3. In support of these statements, Defendants submitted copies of the negotiated checks, an IRS Form 1099 for 2013 and Alvarez's sworn affidavit [D.E. 14-1, 14-2, 14-3].

On November 18, 2015, the Court denied the Original Rule 11 Motion without prejudice to be refiled upon the conclusion of the lawsuit [D.E. 37]. The Court's rationale was as follows:

> In situations where a party is seeking Rule 11 sanctions based upon the opposing side's pleadings, a court should reserve judgment until the conclusion of the litigation. *Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) (citing Advisory Committee Note to Rule 11, as amended in 1983). Since Empire Academy and Alvarez are pursuing sanctions based upon Palacio's pleadings, this Court will reserve its determination of the Rule 11 motion until the end of this

2

> litigation. For purposes of managing its docket, the Court **denies** the motion for sanctions (ECF No. 14) without prejudice to be refiled upon the conclusion of this lawsuit.

Id. at 1 (emphasis in original).

### 3.  *Summary judgment*

On March 8, 2016, the Court issued its Omnibus Order on Defendants' Motion for Summary Judgment and Plaintiff's Motion to Strike (hereafter, "Omnibus Order") [D.E. 74]. As noted by the Court

> Defendants, in their motion for summary judgment, submit that Palacio's claims are not covered under the FLSA because the Academy is not subject to FLSA enterprise coverage nor does Alvarez qualify for individual coverage. They also insist that Palacio has not set forth any facts that would establish that he was terminated for engaging in an FLSA-protected activity.

Id. at 1. The Court agreed with Defendants and granted their motion for summary judgment as to the three FLSA claims. Id. The Court then "decline[d] to exercise supplemental jurisdiction over the remaining state law claims" and "remand[ed] those claims to state court, where they originated." Id. at 1, 7.

With regard to Plaintiff's wage and hour FLSA claims, the Court found that, based on the undisputed facts, neither enterprise nor individual coverage applied. Id. at 2-6. The Court found that, for enterprise coverage, "the Defendants have submitted tax return transcripts, cited to in their statement of undisputed facts (Defs.' Stmt. at ¶¶ 13, 44, ECF No. 46, 3, 8), which reveal that the gross receipts for the Academy in 2012 and 2013 were $1596.00 and $34,749.00 respectively. (ECF Nos. 44-1, 2; 44-2, 2.)" Id. at 2. As to Plaintiff's contention that another company owned by Alvarez, Empire Realty, was Empire's alter ego, the Court stated that

> the Defendants also attached the returns for Empire Realty. Those returns show that in 2012 and 2013 Empire Realty's gross revenues were only $178,565.00 and $168,280.00, respectively. (ECF Nos. 44-3, 2; 44-4, 2.) Thus, even if the Court aggregated the revenues for the two companies to calculate the gross revenue, the

3

sums, for either year, would still fall far short of the statutorily imposed $500,000 threshold ($180,161.00, total, for 2012 and $203,029.00, total, for 2013).

Id. at 3. The Court further stated:

> To counter this, Palacio relies on Alvarez's speculative deposition testimony that she "believe[d]" that Empire Realty's gross revenue in 2013 "was *about* $400,000 and . . . somewhere between $400,000 and $500,000, gross." (Def. Alvarez's Depo. 29:17–18, ECF No. 57-1, 8.) Even setting aside the fact that Palacio neglected to file a statement of material facts in opposition to the Defendants' statement (discussed in more detail in the following section), this tentative and uncertain testimony, in the face of the tax returns, would not be enough to permit the jury to reasonably find on Palacio's behalf. *See Flores v. Nuvoc, Inc.*, 610 F. Supp. 2d 1349, 1356 (S.D. Fla. 2008) (Gold, J.) (finding an enterprise's gross revenue properly determined by tax returns and noting with approval that *Russell v. Continental Restaurant, Inc.*, 430 F. Supp. 2d 521, 524 (D. Md. 2006) found in the defendants' favor on a motion to dismiss based on the submission of tax returns showing that business's gross sales were less than $500,000). This is especially so considering that, in order to make his case, Palacio would have to show that Empire Realty's revenue alone was more than $465,251 ($500,000 minus $34,749 (the Academy's uncontroverted gross revenue in 2013)) and he has expressly admitted "hav[ing] no idea" what Empire Real Estate's gross revenue in any given year was. (Pl.'s Depo. 112:5–6, ECF No. 38-1, 29.)

Id.

As to individual FLSA coverage, the Court rejected Plaintiff's argument "that he was individually engaged in interstate commerce because he physically swiped credit cards of customers for purchases." Id. at 4. The Court found "that the usage and processing of credit cards alone is insufficient to establish FLSA individual coverage." Id. (citations omitted). The Court further noted that Plaintiff had not even provided any record evidence that he was actually involved in credit card transactions and concluded that Plaintiff had "failed to even come close to making 'a showing sufficient to permit the jury to reasonably find on its behalf' regarding individual coverage." Id. at 5-6 (citation omitted).

Finally, with regard to Plaintiff's claim for retaliatory termination under the FLSA, the Court found that Plaintiff had "not presented any basis upon which a reasonable factfinder could

4

conclude that he suffered an adverse employment action by the Defendants." Id. at 6. The Court noted that Plaintiff's "own deposition testimony contradict[ed] his allegations that he was terminated" and that Plaintiff had "not established that he was engaged in any activity that is protected under the [FLSA]." Id.

On March 9, 2016, the Court entered judgment in favor of Defendants and against Plaintiff [D.E. 76].

### 4. *The Sanctions Motion*

On May 1, 2016, Defendants filed the Sanctions Motion seeking to recover from Plaintiff and his counsel the attorneys' fees and non-taxable costs incurred in defending the action, pursuant to Rule 11 and 28 U.S.C. § 1927 ("Section 1927"). See Sanctions Motion [D.E. 79 at 9].[1] Defendants request a fee award in the amount of $42,727.50, representing the time expended by their counsel from inception of the case in March 2015 through the entry of summary judgment in March 2016. See Affidavit of Attorneys' Fees and Time, with supporting invoices [D.E. 79-2, 79-3].

Defendants contend that, "in violation of [Rule 11], Plaintiff and his attorneys presented and maintained throughout the pendency of this case frivolous and unfounded allegations, which lacked any factual or legal basis and were never likely to have evidentiary support." See Sanctions Motion [D.E. 79 at 9]. Defendants further contend that, pursuant to Section 1927, "Plaintiff's attorney unreasonably and vexatiously multiplied the proceedings in this frivolous lawsuit thereby forcing Defendants to incur what, for a small business and small business owner, has been an astronomical and avoidable monetary expense in defending this meritless action." Id. Thus, Defendants seek Rule 11 sanctions against both Plaintiff and his counsel and Section

---

[1] In the Sanctions Motion, Defendants seek to recover any costs not deemed taxable pursuant to 28 U.S.C. § 1920. Id. This request is now moot since the Court awarded to Defendants the full amount requested in their Bill of Costs [D.E. 78-1, 80].

1927 sanctions against counsel.[2]

## RULE 11 SANCTIONS

### 1. *Applicable law*

Rule 11 provides, in pertinent part:

(b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

(c) Sanctions.

(1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee.

Fed. R. Civ. P. 11. "The objective standard for testing conduct under Rule 11 is reasonableness

---

[2] At the July 14th hearing, Plaintiff's counsel argued that Alvarez had provided false testimony in this case, based on her testimony at the trial of the state law claims; and that the trial testimony supported Plaintiff's and counsel's defenses to the Sanctions Motion [D.E. 93]. The undersigned granted Plaintiff leave to supplement the record by filing the pertinent portion of the transcript and explaining how it supported Plaintiff's and his counsel's defenses. Id. However, only the transcript excerpt was filed without any explanation; and, as Defendants argued, it provides no assistance to Plaintiff or his counsel. See Notice of Filing Trial Transcript of Wilma Alvarez [D.E. 94]; Defendants' Response to Plaintiff's Notice of Filing Trial Transcript of Wilma Alvarez [D.E. 96].

6

under the circumstances and what was reasonable to believe at the time the pleading was submitted." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

"Under Rule 11 sanctions may be imposed upon a represented party when the party 'had actual knowledge that the filing of the papers constituted wrongful conduct, *e.g.* the papers made false statements or w[ere] filed for an improper purpose.'" Brown v. Artus, 647 F. Supp. 2d 190, 205 (N.D.N.Y. 2009) (citing Calloway v. Marvel Entm't Grp., 854 F.2d 1452, 1474 (2d Cir. 1988)).[3]

### 2.  *Analysis*

As discussed above, the Court granted summary judgment in favor of Defendants as to all three of Plaintiff's FLSA claims, essentially finding no factual support whatsoever for these claims. Thus, the Court confirmed Defendants' contention in their Original Rule 11 Motion that Plaintiff was not a covered employee under the FLSA. See Original Rule 11 Motion [D.E. 14 at 3]. Given Plaintiff's failure to adduce any supporting evidence for his FLSA claims at the summary judgment stage, it cannot be said that it was reasonable for Plaintiff's counsel to believe that there was factual support for these claims at the time the complaint was filed. Baker, 158 F.3d at 524. Therefore, the undersigned concludes that Plaintiff's counsel violated Rule 11 by failing to withdraw Plaintiff's FLSA claims at the time of the Original Rule 11 Motion. Given this complete lack of factual support, the undersigned further finds that the allegations supporting the FLSA claims were false, which also renders Plaintiff responsible for the Rule 11 violation. Brown, 647 F. Supp. 2d at 205. Therefore, the undersigned respectfully recommends that Defendants' Sanctions Motion be granted as to both Plaintiff and his counsel pursuant to Rule 11.

---

[3] In their Original Rule 11 Motion and in their Sanctions Motion, Defendants invoked the factual and legal prongs of Rule 11. See Original Rule 11 Motion [D.E. 14 at 5]; Sanctions Motion [D.E. 79 at 9]. At the July 14th hearing, however, Defendants also invoked the improper purpose prong.

7

## **SECTION 1927 SANCTIONS**

### *1.    Applicable law*

Title 28, United States Code, Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "[T]he statute sets out a three-prong, conjunctive test: (1) unreasonable and vexatious conduct; (2) such that the proceedings are multiplied; and (3) a dollar amount of sanctions that bears a financial nexus to the excess proceedings." Macort v. Prem, Inc., 208 F. App'x 781, 785-86 (11th Cir. 2006) (citing Peterson v. BMI Refractories, 124 F.3d 1386, 1396 (11th Cir. 1997)). "All three requirements must be met before sanctions are imposed." Id. at 786.

"[A]n attorney multiplies proceedings unreasonably and vexatiously within the meaning of the statute only when the attorney's conduct is so egregious that it is tantamount to bad faith." Amlong & Amlong, P.A., 500 F.3d 1230, 1239 (11th Cir. 2007). "But it is clear from the statutory language and the case law that for purposes of § 1927, bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct." Id. As further explained by the Eleventh Circuit:

> [A]n attorney's conduct must be particularly egregious to warrant the imposition of sanctions—the attorney must *knowingly* or *recklessly* pursue a frivolous claim or needlessly obstruct the litigation of a non-frivolous claim. If the attorney's misconduct meets this high standard, the district court may order the attorney to pay the "costs, expenses, and attorneys' fees reasonably incurred" because of the attorney's misconduct—that is, the excess costs that the attorney's multiplication of proceedings has added to the cost of the litigation.

Id. at 1242 (emphasis in original) (citations omitted).

8

2.  *Analysis*

The foregoing findings with regard to Rule 11 also support the imposition of sanctions on Plaintiff's counsel pursuant to Section 1927. By not withdrawing the factually unsupported FLSA claims at the time of the Original Rule 11 Motion, Plaintiff's counsel engaged in unreasonable and vexatious conduct such that the proceedings were multiplied until the entry of summary judgment against Plaintiff. Macort, 208 F. App'x at 785-86. Moreover, when viewed objectively, Plaintiff's counsel's failure to withdraw the FLSA claims despite Defendants' presentation of evidence clearly showing that Plaintiff was not covered by the FLSA is tantamount to bad faith. Amlong, 500 F.3d at 1239. Finally, the sanctions sought by Defendants, which consist of the fees expended by their counsel from inception of the case in March 2015 through the entry of summary judgment in March 2016, bears a financial nexus to the excess proceedings. Macort, 208 F. App'x at 785-86. Therefore, the undersigned respectfully recommends that Defendants' Sanctions Motion be granted as to Plaintiff's counsel pursuant to Section 1927.

## SANCTIONS AMOUNT

As noted above, Defendants ask that the sanctions to be imposed on Plaintiff and his counsel consist of the $42,727.50 in fees spent in defending the case. The fee amount is based on 170.0 hours at the rate of $250.00 per hour, plus 1.3 hours at the rate of $175.00 per hour. See Affidavit of Attorneys' Fees and Time [D.E. 79-2 at 1-2].[4] Plaintiff did not challenge these hours and the rate in his response to the Sanctions Motion [D.E. 82]. Moreover, the undersigned finds the hours and the rate to be reasonable. Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) ("The court . . . is itself an expert . . . and may consider its own

---

[4] Although the contracted rate was $250.00 per hour, 1.3 hours of time for an associate attorney were billed at the lower rate of $175.00 per hour. Id.

9

knowledge and experience concerning reasonable and proper fees . . . ."). Therefore, the undersigned respectfully recommends that the Court award the sanctions amount of $42,727.50 against Plaintiff and his counsel, jointly and severally.

## **RECOMMENDATION**

Based on the foregoing it is **RESPECTFULLY RECOMMENDED** that Defendants' Sanctions Motion [D.E. 79] be GRANTED and that the Court impose upon Plaintiff and his counsel, jointly and severally, the sanctions amount of $42,727.50.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Robert N. Scola, Jr., United States District Judge. Failure to file timely objections may bar the parties from attacking the factual findings contained herein on appeal. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida on this 13th day of December, 2016.

                                                                          *Alicia Otazo-Reyes*
                                                                          ALICIA M. OTAZO-REYES
                                                                          UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Robert N. Scola, Jr.
        Counsel of Record