United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Juan Carlos Palacio, Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 15-21163-Civ Scola |
| Empire Academy, Inc. and Wilma | ) |
| Alvarez, Defendant | ) |

## Order Adopting Magistrate Judge's Report and Recommendation And Denying Motion to Bifurcate

After the Court granted summary judgment in their favors on Plaintiff Juan Carlos Palacio's federal claims in his Fair Labor Standards Act case, Defendants Empire Academy, Inc., and Wilma Alvarez moved for sanctions and fees against Palacio and his attorney. (Defs.' Mot., ECF No. 79.) The Court referred the motion to United States Magistrate Judge Alicia Otazo-Reyes, for a report and recommendation. After holding an evidentiary hearing, Judge Otazo-Reyes issued a report and recommendation, recommending that the motion for sanctions be entered against both Palacio and his attorney and fees awarded to the Defendants. (Rep. & Rec., ECF No. 102.) Palacio filed objections to the report, taking issue with its various findings and conclusions. (Pl.'s Objs., ECF No. 109.) Palacio also filed a motion to bifurcate and for a hearing as to the amount of fees. (Pl.'s Mot., ECF No. 106.) The Defendants have responded to those objections (Defs.' Resp. to Objs., ECF No. 112.), and to the motion to bifurcate (Defs.' Resp. to Mot., ECF No. 110), and also ask the Court to sanction Palacio and his attorney, for their continued misconduct, as well as the attorney's law firm.

Palacio and his counsel make various specific objections to the substance of the report and recommendation. They generally object to Judge Otazo-Reyes's conclusion that there was no factual support for Palacio's claims and that the proceedings were multiplied by the failure to withdraw them. They also object to the finding that the amount awarded bears a nexus to the sanctionable conduct and the finding that Palacio failed to challenge the Defendants' time entries. With the exception of the amount of fees awarded, the Court has made an in-depth de novo review, not only of those portions to which Palacio and his attorney have specifically objected, but of the entirety of the report. The Court accepts and adopts Judge Otazo-Reyes's findings and recommendations imposing sanctions against Palacio and his attorney.[1] *See* 28

---

[1] The Court notes that Palacio and his counsel raise a number of arguments in their objections that they did not bother to present in their response to the Defendants' motion or to Judge

U.S.C. § 636(b) (requiring a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made"). As to the Rule 11 sanctions, the Court agrees with Judge Otazo-Reyes regarding Palacio's failure to adduce supporting evidence for his FLSA claims at the summary judgment stage and his counsel's unreasonable belief that there was factual support for them when the complaint was filed. Similarly, the Court concurs with the finding that counsel's unreasonable and vexatious conduct multiplied the proceedings thus warranting sanctions under 28 U.S.C. § 1927.

While the Court is appalled by Palacio's counsel's continued bad faith, or at a minimum his utter disregard for ensuring the accuracy of his filings,[2] the Court nonetheless declines the Defendants' invitation to entertain additional sanctions or to apply sanctions to counsel's law firm. That said, the Court also **denies** Palacio's motion to bifurcate and for an evidentiary hearing on attorneys' fees. (**ECF No. 106**.) The Defendants filed their motion for fees on May 1, 2016. The time for Palacio to make his bifurcation request was back then; or, even better, at the time the Defendants first presented their fees affidavit to Palacio and his attorney on April 6, 2016. The time to complain about the amount of fees requested, for the first time, is certainly not two weeks after the magistrate judge has issued an unfavorable report and recommendation as to both the entitlement and the amount of the award. Palacio and his counsel requested (Pl.'s Resp. at 8), and were afforded (Mag. J.'s Order, ECF No. 90), an opportunity to appear before Judge Otazo-Reyes to present their opposition to the fees and sanctions motion. The time to initiate opposition to the reasonableness of the amount of fees has long since passed and the Court will not afford Palacio and his counsel a fresh bite at the apple at this late date.

On the other hand, the Court commends the Defendants' willingness to afford Palacio and his counsel the opportunity to establish their potential

---

Otazo-Reyes during the hearing. While the Court finds these failures indicative of counsel's prosecution of this case generally, and while not required to, the Court nonetheless has considered these objections and still finds in them no merit. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"). At the same time, however, the Court is not inclined to extend this same discretion to evaluating Palacio and his counsel's objections as to the amount of fees.

[2] For example, in his objections, counsel claims that "Local Rule 7.3(A) states that any motion for attorney's fees and costs 'shall be filed and served within **30 days** of entry of a Final Judgment or other appealable order that gives rise to a right to attorney's fees and/or costs.'" Instead Local Rule 7.3(a)(1) actually allows such a motion to be filed within **60 days**. Thus counsel's argument that the Defendants untimely filed their motion for fees because it was filed 53 days after the entry of summary judgment is wholly without merit.

respective inabilities to pay—which issue Palacio and his counsel failed to raise for almost a year. (Defs.' Resp. at 5.) However, without more of a showing, Court intervention is not appropriate at this time. Should this *narrow question*, however, develop into a genuine issue, the Court strongly encourages the parties to resolve this matter amongst themselves. To that end, Palacio and his counsel are ordered to meet and confer with the Defendants about this issue on or before **March 22, 2017**. Should the parties fail to reach an agreement, Palacio and his counsel must prepare a motion, supported by sworn and detailed affidavits, that supports the requested allocation. Palacio and his counsel must serve this motion on the Defendants before filing it on the docket, allowing the Defendants at least forty-eight hours to indicate their agreement or opposition to the requested relief. Should the Defendants oppose the motion, Palacio and his counsel must file it on the docket on or before **March 29, 2017**. This, of course, means that, at the latest, Palacio and his counsel must serve the Defendants with the motion or before **March 27, 2017**.

To conclude, the Court **affirms and adopts** Judge Otazo-Reyes's Report and Recommendation (**ECF No. 102**). Consistent with the Report, the Court awards **$42,727.50** in fees to Defendants Empire Academy, Inc. and Wilma Alvarez, against attorney Peter Michael Hoogerwoerd and Juan Carlos Palacio, jointly and severally (subject to the condition outlined in the preceding paragraph).

**Done and ordered** in chambers at Miami, Florida, on March 13, 2017.

_____
Robert N. Scola, Jr.
United States District Judge